BEATTY, Retired Justice.
On May 1,1998, the trial court entered a summary judgment for the defendants as to all counts. The plaintiff, Debra Caldwell, appeals, contending that the summary judgment was erroneous as to count three of her complaint. We affirm.
In 1995, Caldwell purchased a hospital-insurance policy from Freedom Life Insurance Company of America (“Freedom Life”), through its agent Morris Cunningham. Caldwell’s initial payment for the policy was $32.25. Thereafter, Caldwell paid $26.25 per month in premiums. After paying the premiums for approximately 11 months, Caldwell stopped paying the premiums and, thereafter, filed a three-count complaint against Freedom Life and Cunningham. In her deposition, Caldwell testified that she stopped paying the premiums and sued because she had read her policy and had discovered that although Freedom Life could not raise the premiums on an individual policy, it could change premium rates on a class basis. However, Caldwell admitted that while she was paying premiums to Freedom Life her premium rate did not go up.
In counts one and two of her complaint, Caldwell alleged fraudulent misrepresentation and suppression on the part of Freedom Life and Cunningham. Specifically, Caldwell contended that “Cunningham, while acting as an agent for Freedom Life, fraudulently stated that the premiums could not and would not change under the policy.” Caldwell also contended that Freedom Life .and Cunningham “suppressed material facts from [Caldwell] which include, but are not limited to, that under the policy she purchased, [Freedom Life] could change the premium rates.” In count three of her complaint, Caldwell alleged that Freedom Life was negligent or wanton in its hiring, training, and/or supervision of Cunningham.
Freedom Life and Cunningham filed answers, denying the allegations. Freedom Life and Cunningham also filed a summary-judgment motion, along with the depositions of Caldwell and Cunningham and a brief in support of the summary-judgment motion. Caldwell filed a response in opposition to the motion.
After a hearing, the trial court entered a summary judgment “as to all counts.” Caldwell appealed to the supreme court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Caldwell makes no argument as to the fraudulent-misrepresentation and suppression counts. Caldwell argues only that summary judgment was improper as to count three of her complaint because, she states, count three was never argued or addressed in the briefs filed in support of the summary-judgment motion and, thus, she “was not given adequate notice and opportunity to present evidence and argument in opposition to summary judgment on the negligence/wantonness count.”
We note that Freedom Life and Cunningham’s summary-judgment motion requested that the trial court “enter *1019 summary judgment in their favor on [Caldwell’s] complaint, and each and every count and claim contained therein.” Freedom Life and Cunningham also argued in their motion that Caldwell could not prove an essential element of her claim, specifically, damage; they argued that she had suffered no damage because her premium rate had not changed.
Caldwell, relying on Bostvell v. Liberty National Life Ins. Co., 643 So.2d 580 (Ala. 1994), and Old Southern Life Ins. Co. v. Woodall, 348 So.2d 1377 (Ala.1977), contends that the payment of her premiums was her damage. In Boswell, 643 So.2d at 582, “the alleged injury or damage was the payment of greater premiums that were unnecessary because the plaintiffs received no additional coverage in return for the greater premiums and lost benefits they already enjoyed under the old policy.” In Woodall, 348 So.2d at 1380, the insurer “fraudulently induced the plaintiff to pay premiums when it had no intention of paying any claims of Mrs. Woodall.” However, in the present case, Caldwell admitted that she received exactly the coverage she had sought and that she did not pay any more in premiums than she had been told she would have to pay for the coverage. Consequently, the rationale of Boswell and Woodall (that the payment of premiums is the legal damage) does not apply to the present case.
In light of the foregoing, the summary judgment “on all counts” is due to be, and it is, affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.